OPINION *Page 2 
{¶ 1} On June 13, 2005, appellant, Virginia Domer, filed a complaint against appellee, Richard Joan, claiming undue influence, conversion and civil fraud relating to appellant's assets. Appellant sought compensatory and punitive damages. At the time of trial, appellant was eighty-six years old and appellee was seventy-four years old. Appellee was a handyman that had assisted appellant over the years. In December of 2004, appellant executed a power of attorney naming appellee as her attorney-in-fact, and executed a new will naming appellee as the residuary beneficiary. Prior to this time, appellant had transferred her home to appellee. In early 2005, appellee contacted a locksmith to open appellant's safe. Several savings bonds were discovered within the safe. In February of 2005, appellant and appellee went to the bank and cashed $26,855.20 worth of savings bonds, which sum was allegedly turned over to appellee.
 {¶ 2} A jury trial commenced on August 22, 2006. The jury found for appellant on her fraud claim and awarded her $10,000.00, but found in favor of appellee on the remaining claims.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN INSTRUCTING THE JURY THAT THE CLEAR AND CONVINCING EVIDENCE STANDARD WAS REQUIRED FOR THE JURY TO DRAW AN INFERENCE." *Page 3 
 II {¶ 5} "THE TRIAL COURT ERRED BY FAILING TO ISSUE A JURY INSTRUCTION ON FIDUCIARY DUTY AFTER THE ISSUE WAS TRIED WITH THE CONSENT OF THE PARTIES."
 III {¶ 6} "THE TRIAL COURT ERRED BY QUESTIONING WITNESSES DURING THE TRIAL POTENTIALLY CALLING INTO QUESTION THE WITNESSES CREDIBILITY."
 IV {¶ 7} "THE TRIAL COURT ERRED BY EXCLUDING RELEVANT STATEMENTS BY CONCLUDING THE STATEMENTS TO BE IMPERMISSIBLE HEARSAY."
 I {¶ 8} Appellant claims the trial court erred in giving a jury instruction on "clear and convincing" evidence within the circumstantial evidence instructions. We disagree.
 {¶ 9} The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. State v. Martens (1993), 90 Ohio App.3d 338. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Jury instructions must be reviewed as a whole. State v.Coleman (1988), 37 Ohio St.3d 286. *Page 4 
 {¶ 10} Appellant argues the trial court spoke of two alternative standards of proof in its general charge on circumstantial evidence.
 {¶ 11} We note the trial court preliminary emphasized two different burdens of proof and defined them as follows:
 {¶ 12} "The party who claims that certain facts exist must prove them either by a preponderance of the evidence or by clear and convincing evidence. This obligation is known as the burden of proof.
 {¶ 13} "The burden of proof is upon the party making a claim to prove the facts necessary to recover upon a certain claim.
 {¶ 14} "Preponderance of the evidence is the greater weight of the evidence. That is it's evidence that you believe because it outweighs or overbalances in your minds the evidence opposed to it. A preponderance means evidence that is more probable, more persuasive or of a greater probative value.
 {¶ 15} "It is the quality of the evidence that must be weighed. Quality may or may not be identical with quantity. That is such as the greater number of witnesses.
 {¶ 16} "In determining whether an issue has been proved by a preponderance of the evidence you should consider all of the evidence regardless of who produced it. In weighing the evidence if you find that it is equally balanced or if you are unable to determine which side of an issue, the claim or the defense to the claim, has the established such claim by a preponderance of the evidence.
 {¶ 17} "To be clear and convincing the evidence must have more than simply a greater weight than the evidence opposed to it and it must produce in your minds a firm belief or conviction about the facts to be proved for the truth of the matter. *Page 5 
 {¶ 18} "The claims for undue influence and punitive damages must be proved by clear and convincing evidence.
 {¶ 19} "The claims of conversion and fraud must be proved by a preponderance of the evidence." T. at 516-517.
 {¶ 20} The trial court then proceeded to define "circumstantial evidence" and "inferences" as follows:
 {¶ 21} "Circumstantial evidence is proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts which naturally and logically follow according to the common experience of human kind.
 {¶ 22} "To infer or to make an inference is to reach a reasonable conclusion of facts which you may but are not required to make from other facts which you find have been established by direct evidence. Whether an inference is made in this case rests entirely with you.
 {¶ 23} "You may infer a fact or facts only from other facts that have been proved by the greater weight of the evidence or by clear and convincing evidence depending upon the standard. But you may not make inferences from a speculative or remote basis that has not been established by the greater weight of the evidence or by clear and convincing evidence." T. at 518-519.
 {¶ 24} Appellant argues this definition was improper and confusing. After the instructions were given, appellant's trial counsel objected to the "inference" charge. T. at 546. The trial court noted the objection and stated the error was "probably minimus." T. at 546-547. Appellant's trial counsel agreed. T. at 547. Essentially, if the objection had been sustained by the trial court, the instruction on circumstantial evidence would *Page 6 
have been re-read. Although the jury instruction was not technically correct, we nonetheless find the error to be harmless under Civ.R. 61 which states the following:
 {¶ 25} "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."
 {¶ 26} We find harmless error because of the trial court's instructions on the two distinct standards of proof as they related to the allegations of the complaint.
 {¶ 27} Assignment of Error I is denied.
 II {¶ 28} Appellant claims the trial court erred in failing to give a jury instruction on fiduciary duty. We disagree.
 {¶ 29} Appellant argues because a power of attorney was granted to appellee, a fiduciary duty charge was appropriate.
 {¶ 30} Appellant's trial counsel requested a charge on fiduciary duty. T. at 500-501. The trial court reviewed the complaint and found the issue was not pled and therefore refused to give the requested instruction. T. at 501-502. At no time was there a motion to amend the pleadings to conform to the evidence pursuant to Civ.R. 15(B).
 {¶ 31} We note the trial court permitted appellant to classify the relationship as a fiduciary relationship during closing arguments. T. at 551, 553. *Page 7 
 {¶ 32} The June 13, 2005 complaint alleged under influence in the execution of the deed and power of attorney, conversion in the redemption of five savings bonds and funds from appellant's bank account, conversions of personal property, and fraud in procuring the power of attorney.[1]
 {¶ 33} The power of attorney was executed on December 9, 2004. The monies appellant claims were converted were from appellee's bank account after the execution of the power of attorney, and indicated a transfer to "Richard Joan from Virginia Domer." By inference, it is possible this transfer was the result of the presentation of the power of attorney.
 {¶ 34} The claim for conversion of the funds is included in the conversion claim, not in the claim for under influence.
 {¶ 35} We note it is common that in multi-fact specific cases, theories of recovery may overlap. However, without a specific pleading on "breach of fiduciary duty" or a specific amendment at the conclusion of the trial, we cannot find an abuse of discretion by the trial court. As noted, during closing arguments, appellant's trial counsel discussed appellee's conduct as a lack of fiduciary duty, and the trial court did not strike the statements.
 {¶ 36} Upon review, we find the trial court did not err in not giving a jury instruction on fiduciary duty.
 {¶ 37} Assignment of Error II is denied. *Page 8 
 III {¶ 38} Appellant claims the trial court's mode of cross-examination was prejudicial. We disagree.
 {¶ 39} Appellant did not object to the trial court's questioning of the witnesses therefore, this issue must be reviewed under the plain error standard. Civil plain error is defined in Goldfuss v.Davidson, 79 Ohio St.3d 116, 1997-Ohio-401, syllabus, as "error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." The Goldfuss court at 121, explained the following:
 {¶ 40} "The plain error doctrine originated as a criminal law concept. In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings."
 {¶ 41} Of the various times the trial court examined the witnesses, we find the only error to be when the trial court permitted appellee to testify that the reason appellant signed the bonds over to him was because her now deceased sister suggested it:
 {¶ 42} "THE COURT: David, I still think the jury needs to know — Mr. Joan would you tell the jury how you ended up with the money? Tell them that. Tell the jury how you ended up with that money instead of Mrs. Domer. *Page 9 
 {¶ 43} "A. I took the money and I helped my granddaughters.
 {¶ 44} "THE COURT: Mr. Joan, did Ms. Domer give you permission to put that money in your bank account?
 {¶ 45} "A. No, my bank account, sir.
 {¶ 46} "THE COURT: That's what I said. Did she give you permission to put that money in your account?
 {¶ 47} "A. Yes.
 {¶ 48} "THE COURT: Tell the jury how that came to be.
 {¶ 49} "A. You mean how I put it in the bank?
 {¶ 50} "THE COURT: No, how she gave you permission. What did you two talk about?
 {¶ 51} "A. We went to — anyhow we went to the bank with some bonds and so Mrs. Domer signed the bonds over and all that and then she-
 {¶ 52} "THE COURT: Why did she do that, Mr. Joan? Why did she sign them over to you?
 {¶ 53} "A. She had to sign the bonds first.
 {¶ 54} "THE COURT: Yeah but — okay. Why was she going to sign those bonds, have the money then given to you? Why did that happen?
 {¶ 55} "A. Well, her sister, Ruth, when she was alive, her sister Ruth told them her sister-
 {¶ 56} "MR. HANHART: Your Honor, I'm going to object to any of those statements. *Page 10 
 {¶ 57} "MR. BARNHOUSE: I know the answer. He's getting to the answer — to your question.
 {¶ 58} "THE COURT: I'm going to overrule, David. I want to get this to the point and then if there's testimony to be excluded I'll inform this jury that they're not to consider it. But I think they need to get this answer out at least with some hearsay possibly and then have it cleaned up if that's necessary. Now, continue.
 {¶ 59} "A. Her sister, Ruth, long time ago we was out eating and she said `You oughta give some money to Richard since he been around over the years helping you out.' And then it was a few days later she said `How about we go cash some of them bonds up to the bank.'
 {¶ 60} "THE COURT: Mrs. Domer said that?
 {¶ 61} "A. Yes. Mrs. Domer signed the bonds over. She had to sign them and that. So she only signed so many. And the teller — Mrs. Domer said `You put it in Richard's name,' and they gave me the check and that was that. And then how I spent the money — I gave my granddaughters quite a sum of money to help them out, either going to college or buying a car.
 {¶ 62} "THE COURT: Thank you." T. at 165-167.
 {¶ 63} This was the only time when an objection to the trial court's questioning was made. Clearly, it was in error as the testimony was offered for the truth of the matter asserted and qualified as hearsay. Appellant's testimony was very limited and merely denied giving appellee money or her property. T. at 316-334. The jury found in favor of appellant on her fraud claim and awarded her $10,000.00, but rejected her claims of conversion of the savings bonds. *Page 11 
 {¶ 64} The testimony on appellant's reasons for giving the bonds to appellee was contra to appellant's assertions of conversion.
 {¶ 65} Hearsay is not permitted and the result of the cited hearsay may be that the jury lost its way in determining appellee's motives. No where in appellee's testimony is there an explanation as to why he was given the money.
 {¶ 66} There is no way to determine if the trial court knew it was questioning in a forbidden area. There was no motion for a special instruction to disregard the hearsay. Therefore, we find it also has to be reviewed under plain error.
 {¶ 67} Upon review, we find the violation of the hearsay rule did not affect the outcome of the trial or prejudice appellant. The jury believed that at least $10,000.00 of appellant's money had been garnered fraudulently.
 {¶ 68} Assignment of Error III is denied.
 IV {¶ 69} Appellant claims the trial court erred in excluding testimony offered by her witnesses under the hearsay rule. We disagree.
 {¶ 70} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173;Blakemore. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," and is not admissible. Evid.R. 801(C) and 802.
 {¶ 71} Appellant argues the testimony of Lisa Maurer, appellant's granddaughter, as to why she took certain photographs, did not constitute hearsay because the testimony was not offered to prove the truth of the matter asserted. Appellant argues *Page 12 
the testimony would have only clarified why Ms. Maurer took the photographs. The testimony in question is as follows:
 {¶ 72} "Q. Lisa, what was the occasion that caused you to take those pictures?
 {¶ 73} "A. Well, we had heard from my mom that Richard was-
 {¶ 74} "MR. BARNHOUSE: Objection.
 {¶ 75} "THE COURT: Sustained. Let me explain. You can not tell the ladies and gentlemen of the jury what someone else told you. So I'm going to rely on Mr. Hanhart to ask more incisive questions so that you won't have to get into what somebody else told you. So next question, David.
 {¶ 76} "Q. Without testifying as to anything anyone else says can you indicate why you took those pictures?
 {¶ 77} "A. When I had learned that Richard was taking things out of her house we went up to visit her the one night and it was the first time I had been in the shop for years and I just really wanted a picture of the shop. And I wished that I had a picture of the inside of the cabinets because we've got the cabinets she — we gave her a little bit of money and she sold us something.
 {¶ 78} "MR. BARNHOUSE: Your Honor, objection.
 {¶ 79} "THE COURT: Sustained. Again, Ms. Maurer, you have to — and this is difficult sometimes, listen to the question and give him a concise answer because all of what you're saying is extremely interesting mind you, but it's not relevant to what these folks need to hear." T. at 102-103.
 {¶ 80} The trial court never instructed the jury to disregard the statements, but admonished the witness to answer the question. The testimony Ms. Maurer was *Page 13 
offering was not relevant evidence under Evid.R. 401. It was not offered to establish a fact or issue in question. Appellee did not deny that he had some of appellant's items. The testimony was also presented to establish Ms. Maurer's concerns about the relationship between appellant and appellee. T. at 108-109.
 {¶ 81} Appellant also argues the trial court excluded Ms. Maurer's testimony regarding a taped conversation between appellant, appellee, herself, and another individual. Appellant argues the testimony was admissible under Evid.R. 801(D)(2) as an admission of a party-opponent. T. at 116-117. We find Ms. Maurer's testimony of what was on the tape, purporting to be appellee but was not in evidence, did not qualify under Evid.R. 801(D)(2).
 {¶ 82} Lastly, appellant argues the trial court permitted some hearsay favorable to appellee and denied other hearsay favorable to appellant. Appellant argues Ms. Maurer's testimony regarding statements made to her by appellant should have been admissible as a statement of a party-opponent. T. at 111-112, 115-116, 121. Ms. Maurer was a witness for appellant, and the statements she was offering were in support of appellant's claims in appellant's case-in-chief. As such, without a finding that appellant was unavailable under Evid.R. 804 or had offered a contradictory statement pursuant to Evid.R.801(D), the statements were not admissible.
 {¶ 83} Upon review, we find the trial court did not err in excluding the cited testimony.
 {¶ 84} Assignment of Error IV is denied. *Page 14 
 {¶ 85} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
 Farmer, J. Hoffman, P.J. and Wise, J., concur. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.
[1] The interrogatories and verdict forms specifically set forth the facts as alleged in the complaint. *Page 1